LUMBERMENS MUTUAL CASUALTY CORP. *vs.* BAY STATE TRUCK LEASE, INC.

Norfolk. January 9, 1975. — February 3, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Insurance,* Motor vehicle liability insurance. *Subrogation. Arbitration,* Between insurers. *Constitutional Law,* Trial by jury. *Words,* "Insurer," "Subrogation."

The purchaser of a motor vehicle liability bond, as defined in G. L. c. 90, § 34A, who was also the primary obligor upon the bond was an "insurer" within the meaning of G. L. c. 90, § 34O, and was subject to the interinsurer subrogation provisions of that section. [730]

---

728                                           366 Mass. 727

Lumbermens Mutual Casualty Corp. *v.* Bay State Truck Lease, Inc.

The obligation imposed upon insurers by G. L. c. 90, § 34O, to arbitrate in accordance with the General Laws incorporates the procedures for arbitration as outlined in G. L. c. 251, with the exception of the requirement of a written agreement to arbitrate. [730]

There was no merit to the contention that compulsory arbitration of interinsurer subrogation claims denied one who had elected to become a self-insurer but had never agreed to such arbitration the right to jury trial under the Sixth Amendment to the United States Constitution. [730-731]

Although the owner of a motor vehicle covered by a property protection bond was exempt, under G. L. c. 90, § 34O, from all liability for loss or damage to vehicles covered by that section, where the owner of the vehicle was also the principal obligor on the bond, and thus an "insurer" subject to interinsurer subrogation claims, other insurers could assert rights of subrogation against such an owner, as the word "subrogation," as used in G. L. c. 90, § 34O, merely describes the process of allocating losses among insurers. [731]

PETITION filed in the Superior Court on September 28, 1973.

The case was heard by *Moynihan,* J.

*Richard A. Roberts* for the plaintiff.

*Warren Delaney* for the defendant.

WILKINS, J.  On November 20, 1972, a motor vehicle accident, involving two motor vehicles registered in the Commonwealth, occurred on a Massachusetts public way. The plaintiff (Lumbermens) insured one of the vehicles under a standard motor vehicle liability insurance policy and paid its insured approximately $750 for damage sustained by the insured's vehicle in the accident. The other vehicle was a commercial vehicle owned by the defendant (Truck Lease), as to which a motor vehicle liability bond, rather than an insurance policy, was in effect. Truck Lease was the obligor on that bond; Seaboard Surety Co. was the surety.

In September, 1973, Lumbermens filed in the Superior Court a demand for arbitration of an asserted subrogation claim against Truck Lease pursuant to G. L. c. 90, § 34O, as amended through St. 1971, c. 1079, §§ 2 and 3. Truck Lease by answer denied any obligation to arbitrate. After a hearing, at which counsel agreed to all the relevant facts,

the judge denied Lumbermens' application for an order compelling arbitration on the ground that Truck Lease was "not an insurer within the meaning of G. L. c. 90, Sec. 34O." The case is before us on Lumbermens' exception to that order. We ordered this case transferred from the Appeals Court for hearing here.

Since January 1, 1972, every person having in force a motor vehicle liability policy or bond, as defined in G. L. c. 90, § 34A, has been obliged to maintain "either property protection insurance or a bond providing equivalent benefits." G. L. c. 90, § 34O, first paragraph. See St. 1971, c. 978, § 2, for the effective date. Every owner or operator of a vehicle covered by property protection insurance or by a property protection bond is exempt from all liability "for accidental loss of or damage to any vehicle to which . . . [§ 34O] applies." § 34O, fifth paragraph. However, § 34O provides for interinsurer subrogation, with any property damage loss ultimately placed among insurers pursuant to normal tort principles, without regard to the exemptions from tort liability which § 34O itself extends.[1]

Truck Lease takes the position that it is not an insurer within the meaning of the word in § 34O and, therefore, Lumbermens may not turn to it for reimbursement under the interinsurer subrogation provisions of § 34O. Truck Lease further contends that it may not be compelled, in any event, to arbitrate the dispute.[2]

---

[1] At the time of the accident which gave rise to this dispute, interinsurer subrogation was permitted under § 34O only where (as here) at least one of the vehicles was not a private passenger vehicle. See G. L. c. 90, § 34O, sixth paragraph, as appearing in St. 1971, c. 978, § 1. For a change in that provision, making interinsurer subrogation available even where all the involved vehicles are in the private passenger classification, see St. 1973, c. 917, § 1, effective as to policies issued and causes of action arising on and after January 1, 1974 (c. 917, § 2). See also, however, St. 1973, c. 1069, § 1, giving the Commissioner of Insurance authority in certain circumstances to postpone until January 1, 1975, the effectiveness of St. 1973, c. 917.

[2] The sixth paragraph of § 34O provides that if the involved insurers cannot agree who is entitled to recover for any expense for which subrogation may be sought, the determination shall be made "by arbitration in accordance with the provisions of the General Laws."

Truck Lease is an insurer subject to the interinsurer subrogation provisions of § 34O. Section 34O provides that a motor vehicle liability bond "shall create the same rights, liabilities, waivers and exemptions as are provided with respect to property protection insurance coverage." This legislative purpose would be thwarted if Truck Lease were able to avoid liability to Lumbermens simply by purchasing a bond instead of an insurance policy. Because between Truck Lease and its surety the obligation to pay losses and to defend claims rests primarily on Truck Lease, we have no hesitation in concluding that Truck Lease is an insurer for the purposes of carrying out the subrogation provisions of § 34O.[3]

Truck Lease argues that it may not be forced to arbitrate Lumbermens' claim. It contends that it has not agreed in writing to arbitrate, that § 34O calls for arbitration "in accordance with the provisions of the General Laws"; and that the relevant arbitration provisions of the General Laws (G. L. c. 251) apply only where the claim for arbitration is based on a written agreement. Truck Lease further claims that compulsory, binding arbitration violates its right to trial by jury.

If an insurer could avoid any obligation to arbitrate claims under § 34O simply by not agreeing in writing to arbitrate, the purpose of § 34O to achieve prompt and economical interinsurer settlement of certain claims would be largely frustrated. We therefore read the reference in § 34O to "arbitration in accordance with the provisions of the General Laws" as an incorporation of the procedures of our arbitration statute (G. L. c. 251) but not as a grant to an insurer of the option whether to participate fully in interinsurer subrogation.

The Legislature did not violate Truck Lease's right to a jury trial when it established arbitration under G. L. c. 251 as the procedure by which interinsurer subrogation claims

---

[3] We know the extent of the obligor's duties from oral argument, Truck Lease's brief and exhibits in a parallel case decided today (*Hartford Acc. & Indem. Co.* v. *Seaboard Sur. Co., post,* 731 [1975]).

would be handled. See *Opinion of the Justices,* 309 Mass. 562, 569-570 (1941); *Opinion of the Justices,* 309 Mass. 571, 601-602 (1941). Truck Lease in effect elected to become a self-insurer when it decided to maintain a motor vehicle liability bond and must accept all the consequences of that election.

Truck Lease argues finally that there was no claim against it to which Lumbermens could be subrogated. It is true that the statute exempts owners and operators of motor vehicles from personal liability in these circumstances. However, the word "subrogation" is not used in § 34O in its traditional sense. In the context of the statute, the word "subrogation" obviously is used to describe the process of allocating losses among insurers, applying traditional tort concepts.

An order should be entered in the Superior Court directing arbitration of Lumbermens' claim against Truck Lease.

*Exceptions sustained.*