Gershengorn, J.
This is a civil action filed by the plaintiff, Thom Realty Corp. (“Thom Realty”) seeking to recover for damages it allegedly suffered as the result of a fire at a building it owned located at 89 Main Street, Milford, Massachusetts (“the premises”). Thom Realty alleges that the defendant, Baker Fire Equipment Co. (“Baker”), caused the aforementioned fire by negligently failing to inspect the charcoal grill exhaust system of a restaurant, operated by TWM Management Corp. d/b/a One Flight Down (“TWM”), located in the bottom portion of the premises. The defendant/third-party plaintiff, Baker, has filed an action against third-party defendant, TWM, seeking contribution of its pro rata share of liability plus interest and costs. TWM has moved for summary judgment on Baker’s third-party complaint for contribution. Upon consideration of the complaint, all motion papers submitted by the parties, and oral arguments, this Court ALLOWS TWM’s Motion for Summary Judgment.

BACKGROUND

On or about February 27, 1997, TWM entered into a lease agreement (“the lease”) with Thom Realty for the mezzanine and basement portions of the premises.[1] TWM operated a restaurant known as “One Flight Down” ("the restaurant”) on its portion of the premises. The kitchen area of the restaurant contained a charcoal grill, the smoke from which was directed outdoors through a exhaust system located above the grill. Thom Realty alleges that, in or about 1997 Baker entered into an oral contract with TWM to perform the following services in the kitchen of the restaurant: 1) inspection and testing of the chemical fire suppression system servicing the charcoal grill; and 2) inspection of the exhaust system servicing the charcoal grill for the accumulation of grease. On or about May 25, 1998 a grease fire erupted in the exhaust system above the charcoal grill causing damage to the premises.

DISCUSSION

Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to a judgment as a matter of law. Mass.R.Civ.R 56(c); Highlands Ins. Co. v. Aerovox, 424 Mass. 226, 232 (1997). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and the fact that it is entitled to a judgment in its favor. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). A moving party which does not bear the burden of proof at trial is entitled to summary judgment if it submits affirmative evidence, unmet by countervailing materials, that either negates an essential element of the nonmoving party’s case or demonstrates that the nonmoving party has no reasonable expectation of proving an essential element of its case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The opposing party cannot rest on the pleadings or on mere assertions of disputed facts to defeat the summary judgment motion. “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact ...” Pederson, 404 Mass. at 17. When reviewing a summary judgment record, the court credits facts in the light most favorable to the nonmoving party. Bisson v. Eck, 430 Mass. 406, 407 (1990); Gray v. Giroux, 49 Mass.App.Ct. 436, 437 (2000).
TWM contends that the lease between itself and Thom Realty failed to establish its liability for negligently started fires. Moreover, TWM asserts that Thom Realty’s inability to recover damages from it precludes Baker’s instant action for contribution. Baker, however, contends that only Thom Realty’s insurer lacks the ability to recover damages from TWM. Baker argues that while Thom Realty's insurer is barred from suing TWM, absent insurance, Thom Realty itself is not precluded from suing TWM in tort. Baker concludes that TWM’s “immunity” with respect to Thom Realty’s insurer does not extend to other parties and does not preclude the instant action for contribution. Despite Baker’s contentions, this Court finds that TWM is not liable to Thom Realty and therefore, the instant action for contribution is precluded.
In the instant case, the court denied Thom Realty’s Motion for Leave to Amend Complaint and add TWM as a direct defendant. Adopting the reasoning articulated in TWM’s opposition to the motion, the judge found that the language within the lease, when read in conjunction with the holding in Peterson v. Silva, 428 Mass. 751 (1999),[2] precluded Thom Really from suing TWM in tort. It is well settled that without liability in tort there is no right of contribution. Berube v. Northampton, 413 Mass. 635, 638-39 (1992). Furthermore, there is no right of contribution unless the potential contributor is directly liable to the injured person. Dighton v. Federal Pacific Electronic Co., 399 Mass. 687, 691 (1987), cert. denied, 484 U.S. 953 (1987) (contribution rights are derivative of joint tort liability between third-party plaintiff and third-party defendant). Therefore, because Thom Realty is barred from recovering from TWM, TWM is not liable for contribution to any other tortfeasors. See Ibeh v. City of Cambridge, 1994 WL 879731, 1 Mass. L. Rptr. 478 (1994) (citing O’Mara v. H.P. Hood & Sons, 359 Mass. 235, 237-38 (1971)).
The court also rejects Baker’s contention that the instant case is distinguishable from cases that bar third-party contribution suits. Baker argues that the cases cited by TWM bar third-party contribution suits *387 pursuant to the exclusivity provision of the Workers' Compensation statute.[3] It asserts that while the holding in Peterson does preclude Thom Realty’s insurer from bringing subrogation claims against TWM, it does not preclude Thom Realty itself from suing TWM in tort. This Court agrees that absent insurance, the holding in Peterson does not release tenants from all tort claims; but the gist of Peterson’s holding is that where there is a contract of fire insurance there is a de facto waiver by the landlord of recovery for a fire caused by the negligence of the lessee. Since TWM could not have been jointly liable with Baker to the landlord, there can be no right of contribution here.

ORDER

Based on the foregoing, it is hereby ORDERED that the third-party defendant’s, TWM’s, Motion for Summary Judgment is ALLOWED.

 On or about March 31, 1992, TWM entered into a lease agreement with a realty corporation operating the premises for the then owner, the Federal Depositors Insurance Corporation (“FDIC”). Later in the spring of 1992 TWM opened and operated a restaurant known as “One Flight Down” in its portion of the premises. Sometime thereafter, in 1993, Thom Realty purchased the premises from the FDIC.

 In Peterson, the court found that “absent an express provision in a lease establishing the tenant’s liability for loss from a negligently started fire, the landlord's insurance is deemed held for the mutual benefit of both parties.” Id. at 753 (citing Alaska Ins. Co. v. RCA Alaska Communications, Inc., 623 P.2d 1216, 1218 (Alaska 1981); Safeco Ins. Co. v. Capri, 705 P.2d 659 (1985)). Moreover, in Commercial Union Ins. Co. v. North American Paper Co., 2001 WL 370515 *5 (D.Mass), the court reasoned that “it would contradict the reasonable expectations of a commercial tenant to allow the landlord’s insurer to proceed against it after the landlord had contracted in the lease to provide fire insurance on the leased premises” (quoting Alaska Ins. Co., supra at 1219).

 See G.L.c. 152, §24 (releasing employers from all tort claims an employee might have as the result of an injuiy suffered in the course of his /her employment). See also Glazer v. Cresent Wallcoverings, Inc., 451 S.E.2d 509, 512-13 (Ga.App.Ct. 1994) (holding that bar to liability based on the exclusivity provision in Workers’ Compensation statute was based on employer’s inability to be tortfeasor as a matter of law, not public policy).