Velis, PeterA., J.
INTRODUCTION
This action arises out of a fire at a home owned by the plaintiff Benjamin A. Surner (“Surner”) and rented by at least some of the defendants. The plaintiff filed *455 the complaint on October 23, 2003, alleging negligence against all the defendants and breach of lease and contract against defendants Martin Appel (“Appel”), Kathleen Chekos (“Chekos”), Kenneth Wilson (“Wilson”), Joseph King, and Christine King (“The Kings”). All of the defendants have now submitted motions for summary judgment claiming that the lease agreement precludes the defendants from maintaining this action.

FACTUAL BACKGROUND

The facts, presented in the light most favorable to the non-moving party, are as follows. The defendants Appel, Chekos, Wilson and the Kings signed a lease agreement with Sumer for property located at 57 Shumway Street in Amherst. This agreement allowed these defendants’ college-aged children to live at the residence. On October 27, 2000, the building caught fire. The parties do not dispute how this happened. Defendant Jake Pescatello (“Pescatello”) noticed a jack-o-lantern smoking on the front porch of the building. When Pescatella attempted to remove the candle from the jack-o-lantern, it fell onto the porch and ignited spilled fuel from a kerosene canister also kept on the porch. Pescatello and another resident attempted to put out the fire with a fire extinguisher; however, the fire extinguisher failed to work.
After an investigation, the plaintiffs insurer, Union Mutual Insurance Co. (“Union”) paid Surner $118,362.50 for the damage caused by the fire. Union has joined this action as subrogee of Surner, while Surner contends that the insurance payment did not cover the full costs of the damage.
Surner and Pescatello disagree over whether Pescatello was or was not a tenant at the time of the fire. Pescatello says that while he was not a named tenant on the lease, he paid rent and utilities to a named tenant and he received mail at the residence. However, in her deposition testimony, Sumer’s wife said she spoke to Pescatello the day after the fire and at that time he told her he was a neighbor, and not a tenant.

DISCUSSION

Each of the defendants argues that the lease in this case does not contain an express provision holding the tenants liable for fire, and that therefore neither Sur-ner nor Union may hold them liable for the damage to Surner’s property. Pescatello also argues that he was a tenant and that therefore he is covered under the terms of the lease. Surner and Union argue that the lease contains an express provision transferring liability to the tenants for fire caused by the tenant’s own negligence. Alternatively, they argue that the lease at least transferred liability for fire caused by the tenant’s guests onto the tenant, that Pescatello was not a tenant, but a guest, and that therefore all the defendants can be held liable for the damage caused by the fire.
1. The Standard of Review
In order to succeed on a motion for summary judgment, a party must show “that there is no genuine issue of material fact and that [it is] entitled, as a matter of law, to a judgment.” Smith v. Massimiano, 414 Mass. 81, 85 (1993). “(S]ummary judgment is proper where proof of an essential element is unlikely to be forthcoming at trial.” Spencer v. Doyle, 50 Mass.App.Ct. 6, 8 (2000), quoting Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
2. The Lease Agreement
The relevant portion of the lease, clause 10(b), reads: “The Tenant Shall: pay for any damages to leased dwelling or to the appliances and fixtures therein, caused by any act of negligence of Tenant or any of Tenant’s Guests, except for damage due to ordinary wear and tear, or loss or damage by fire, flood, or other casualty not caused by Tenant(s) guests.” This clause is both inaccurately drafted and clearly ambiguous. The court will therefore construe it against the drafter. Raymond Leasing Corp. v. Callico Distributors, 62 Mass.App.Ct. 747, 749 n.3 (2005). At his deposition, Surner said he meant the clause to transfer liability for fires caused by the tenants or their guests. The sentence does not support that claim. It is possible, with some help, to place an apostrophe between the word “Tenant” and the parenthetical “S.” This would change the sentence to mean that the tenants are not liable for fire damage unless that fire damage is caused by their guests. However, earlier in the sentence the drafter used the terms ‘Tenant’s Guests,” which shows that the drafter used a possessive apostrophe when he meant to use a possessive apostrophe. Reading the end of the sentence in that context makes the meaning of the clause indecipherable. Fortunately, this court need not resolve the meaning of the sentence. Absent an “express provision in a lease establishing a tenant’s liability for loss from a negligently started fire, the landlord’s insurance is deemed held for the mutual benefit of both parties.” Peterson v. Silva, 428 Mass. 751, 753 (1999).
The defendant argues that his clause constitutes the necessary “express provision” establishing the defendants’ liability. This court disagrees. This court reads the Peterson decision as requiring something more than the plaintiffs ambiguous attempt to transfer liability to the defendants.
“Extending fire insurance coverage to the occupying tenants comports with public policy and with the realities of apartment renting.” Id. at 754, quoting Sutton v. Jondahl 532 P.2d 478, 482 (Okla.Ct.App. 1975). “(The plaintiff] could have insisted that the defendants maintain fire insurance. It did not. The reasonable expectation of the defendants, and all tenants, is that their rent includes the landlord’s cost for fire insurance, and that any damage to the property from fire is covered by that insurance.” Peterson, 428 Mass, at 754. Here the relevant clause in the lease did *456 not indicate to the tenants that they were not covered by the plaintiffs fire insurance protection or that they should procure additional fire insurance coverage.
Further, “[I]t is well established that ‘an insurer cannot recover by means of subrogation against its own insured.’ ” Id. at 752, quoting Safeco Insurance Co. v. Capri, 101 Nev. 429, 431 (1985). Since the lease did not transfer liability for fire to the tenants, they were co-insureds under the policy with Surner. Therefore neither Surner nor Union may recover against Appel, Chekos, Wilson, or the Kings. Summaiy judgment is thus appropriate as to these defendants.
3. Pescatello
If Pescatello was a tenant of 57 Shumay Street, then he, too, would be covered under the lease. However, a genuine issue of material fact exists as to whether Pescatello was a tenant or only a visitor. Summary judgment is therefore inappropriate at this time as to this defendant.

ORDER

For the foregoing reasons, the motions for summaiy judgment as to Appel, Chekos, Wilson and the Kings are GRANTED. The motion to as to Pescatello is DENIED.