# RESCRIPT OPINIONS.

COMMONWEALTH[1] *vs.* ARBELLA MUTUAL INSURANCE COMPANY. No. 04-P-1072. July 25, 2005. *Insurance,* Motor vehicle insurance, Liability insurance, Bond. *Motor Vehicle,* Insurance. *Surety.*

Yellowbird Cab, Inc. (Yellowbird), the owner of the taxi that injured Dani Mace-Kairouz, had elected to satisfy its compulsory liability insurance obligations under G. L. c. 90, § 1A, by obtaining a surety bond issued by the defendant Arbella Mutual Insurance Company (Arbella), with a limit equal to the $20,000 compulsory minimum prescribed by § 34A of that chapter.[2] Mace-Kairouz obtained a judgment against Yellowbird's driver in the amount (including interest) of $32,809.90 and, when the judgment remained unsatisfied thirty days after its entry, brought an action on the bond (in the name of the Commonwealth) against Arbella. See G. L. c. 90, § 34G. Mace-Kairouz moved for judgment on the pleadings or, in the alternative, summary judgment. In opposition, Arbella cited Yellowbird's payments to Mace-Kairouz of amounts less than the judgment amount but greater than $20,000, and argued that those payments operated to satisfy the obligation under the bond. A judge of the Superior Court denied the plaintiff's motion, and directed entry of judgment dismissing the complaint.

Section 34G of G. L. c. 90 states as follows:

> "If a judgment rendered against the principal on a motor vehicle liability bond or against any person responsible for the operation of the principal's motor vehicle with his express or implied consent is not satisfied within thirty days after its rendition, the judgment creditor may for his use and benefit and at his sole expense bring an action in the name of the [C]ommonwealth against the surety company executing the bond."

Based on that language, the plaintiff argues that he is entitled to recover on the bond the unsatisfied portion of the judgment against Yellowbird's driver, up to the $20,000 limit of the bond.

However, the bond obligation is subject to the terms of the bond itself, which provides that the parties thereto "are bound and obligated to the Commonwealth of Massachusetts for the limits of liability as stated in the Massachusetts Automobile Insurance Policy (M.A.I.P.) for the Compulsory Insurance Coverages . . . . The damages that will be paid in performing this

---

[1]This action was brought by Dani Mace-Kairouz in the name of the Commonwealth.

[2]For the authority to purchase a bond instead of an insurance policy, see G. L. c. 175, § 113A.

agreement will never exceed the limits of liability required by [the Compulsory Insurance Coverages]." In furnishing such a bond, Yellowbird became a self-insurer for liability resulting from operation of its vehicles; the surety bond operates to ensure the existence of a minimum source of recovery equal to the compulsory minimums required by statute. See *Lumbermens Mut. Cas. Corp. v. Bay State Truck Lease, Inc.*, 366 Mass. 727, 731 (1975). Under the express terms of the bond itself, Yellowbird (as principal obligor) satisfied its obligation to the Commonwealth when it paid amounts toward the judgment at least equal to the limits of the bond. Once the obligation on the bond was satisfied by the principal obligor, Arbella as surety owed no further obligation to the Commonwealth (or Mace-Kairouz, claiming on its behalf) as to the judgment that is the subject of the present action. Because the obligation under the bond was satisfied by the payments made by the primary obligor thereunder, Mace-Kairouz's invocation of language in § 34G authorizing an action against the surety is to no avail; upon satisfaction of the bond obligation there remains no underlying right of recovery to which an action against the surety may attach.

Our conclusion does not operate to limit Mace-Kairouz's recovery; nothing prevents him from recovering the full judgment amount from Yellowbird or its driver (unless he has released them).[3] Our conclusion instead operates solely to adhere to the language of the compulsory insurance statutes and the bond, by limiting the obligation under the bond to the statutorily mandated compulsory limits.

*Judgment affirmed.*

*Benjamin R. Zimmermann* for the plaintiff.
*Steven A. Kruczynski* for the defendant.

---

[3]The record is silent on whether Mace-Kairouz released Yellowbird or its driver from further liability.