MacDonald, D. Lloyd, J.
Before the Court are the parties’ cross motions for summaiy judgment with regard to which insurance company has the primary coverage obligation when a named insured under the Standard Massachusetts Automobile Insurance Policy sustains a property loss while temporarily renting another car as to which the insured did not select a collision damage waiver in the rental agreement.
*343 The plaintiff Commerce Insurance Company (“Commerce”) issued the Standard Massachusetts Automobile Insurance Policies at issue. Commerce’s insureds temporarily rented vehicles from Revolution Replacement Rentals, Inc. (“Revolution”) and Eastfield Auto Sales, Inc. d/b/a/ Thrifty Car Rental (“Eastfield”). (Revolution and Eastfield will occasionally be referred to hereafter collectively as the “Rental Companies.” Commerce’s insureds will hereafter be referred to as the “Renter/Drivers.”)
The Rental Companies in turn were insured by commercial automobile policies issued by the defendant Empire Fire and Marine Insurance Company (“Empire”).
The replacement vehicles of the Renter/Drivers were each damaged because of accidents or vandalism or theft. The Rental Companies submitted claims for such damage in the ordinary course to Empire. Empire paid the claims.
Although the record is not clear as to exactly what steps were thereafter taken and in what order by Empire, the Rental Companies and the Renter/Drivers, eventually Empire demanded payment from Commerce on the theory that Commerce was the Renter/Drivers’ primary insurance carrier for such losses.
Commerce then brought this action for declaratory judgment, seeking a declaration of the rights and obligations of the two insurance companies under their respective insurance policies for payment of claims arising out of the damage to the rental vehicles. For the reasons stated below, Commerce’s Motion for Summary Judgment is DENIED, and Empire’s Motion for Summary Judgment is ALLOWED.
Discussion
The Renter-Drivers
Responsibility in the first instance for any damage or loss to the rented vehicles was on the Renter-Drivers because when they rented the cars, they declined the optional Collision Damage Waivers.[1] The Revolution Rental Agreement provided in pertinent part:
You [Renter-Driver] are responsible for all damage or loss of the vehicle resulting from collision, theft, vandalism, fire, or acts of god regardless of fault... If the Damage Waiver is accepted at the onset of the rental, then Revolution will not hold you, the renter, responsible ... for the costs associated as a result of damages to the rental vehicles . . .
Similarly, the Eastfield Rental Agreement provided in pertinent part: “If I [the Renter-Driver] decline[s] the optional [Collision Damage Waiver], I will pay you 100% of all Loss whether it is My fault or not.”
Thus, under the express terms of the Rental Agreements, the Renter-Drivers were liable to the Rental Companies for the damage to the vehicles during the rental period. See Semple Truck Rental & Leasing, Inc. v. P&B Wholesalers, Inc., 12 Mass.App.Ct. 764, 767 (1981).
Empire’s Right of Subrogation
The Empire policy with the Rental Companies provided, that “[i]f any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us.” Because Empire made payment to the Rental Companies for the loss to the vehicles pursuant to the Empire policy, Empire is entitled to be subrogated to the rights of the Rental Companies to seek payment for the loss to the vehicles from the Renter-Drivers. See Frost v. Porter Leasing Corp., 386 Mass. 425, 427 (1982) (an insurerwho pays on behalf of its insured is entitled to be subrogated to the rights of the insured).
Commerce’s Position
Although conceding that the Renter-Drivers are not Empire’s “insureds” for purposes of the Collision Coverage and Comprehensive Coverage in the Empire policy,[2] Commerce claims that the Renter-Drivers are “insureds” for purposes of Empire’s Liability Coverage. As a result, Commerce claims that Empire cannot subrogate against the Renter-Drivers because this would violate the so-called “antisubrogation rule.” See Peterson v. Silva, 428 Mass. 751, 752 (1999) (“[it] is well established that ‘an insurer cannot recover by means of subrogation against its own insured’ ”).
Although Commerce is correct that the Renter-Drivers are defined as “insureds” for purposes of Empire’s Liability Coverage, that coverage does not apply to the losses at issue here, which are exclusively property losses.
Pursuant to Section II — Liability Coverage of the Empire policy, Empire agreed to “pay all sums an ‘insured’ legally must pay as damages because of. . . ‘property damage’ to which this insurance applies, caused by an ‘accident’ and resulting from the . .. use of a covered ‘auto’ ” (emphasis added). For purposes of this section of the policy, the policy defines an “insured” as the rental company, as well as anyone else using a “covered auto” with the permission of the rental company. Under the latter provision, the Renter-Drivers qualify as “insureds.” However, the section further provides the following exclusion:
This insurance does not apply to .. . ‘[property damage’ to . . . property owned or transported by the ‘insured’ or in the ‘insured’s’ care, custody or control. (Emphasis added.)
Thus, the Renter-Drivers are not insured under the Empire policy for the loss to the rented vehicles. As a result, the antisubrogation rule does not apply, and Empire is not constrained from subrogating to the rights of the Rental Companies to seek payment for the loss to the vehicles from the Renter-Drivers.
*344 Renter-Drivers’ Right to Coverage from Commerce
The Commerce policy directly covers the loss to the rented vehicles. Collectively, the Collision Coverage and the Comprehensive Coverage sections of the Standard Massachusetts Automobile Insurance Policies provide that Commerce will pay for any direct or accidental damage to “your auto” caused by a collision or from any other cause, regardless of fault. The policy defines the term “your auto” as including “(a]ny auto while used as a temporary substitute for the described auto while that auto is out of normal use because of a breakdown, repair, servicing, loss or destruction.” Because the rented vehicles were being used as temporary replacements for the Renter-Drivers’ primary vehicles, the Commerce’s policy coverage is clear.
Commerce does not challenge the conclusion that the loss to the vehicles is covered under the Renter-Drivers’ policies. However, it argues that its coverage is “excess,” not “primary,” and that it only covers the amount of the Renter-Drivers’ losses not covered by Empire. The Commerce policy provides, in pertinent part:
If an auto covered under this Part is not owned by you at the time of the accident, the owners’ auto insurance must pay its limit before we pay. Then, we will pay, up to the limit shown on your Coverage Selections Page, for any damage not covered by that insurance less the deductible amount you selected.
The flaw in Commerce’s argument is its assertion that Empire is required to pay on behalf of the Renter-Drivers for the loss to the vehicles. As noted, the Renter-Drivers are not covered under the Empire policy for the property loss to the vehicles. Instead, the Renter-Drivers are directly liable for such losses to the Rental Companies because the Renter-Drivers failed to select the Collision Damage Waiver. As a result, the “excess” provision in the Commerce policy is inapplicable, and Commerce must reimburse Empire on behalf of the Renter-Drivers for the full amount of the loss, less the deductible to be paid by the Renter-Drivers.
Conclusion
For the foregoing reasons, Commerce’s Motion for Summary Judgment is DENIED, and Empire’s Motion for Summary Judgment is ALLOWED.

A Collision Damage Waiver is a contractual provision “whereby the rental company agrees, for a charge, to waive any and all claims against the renter for damages to or loss of the rented private passenger automobile during the term of the rental agreement.” G.L.c. 90, §32E 1/2.

These sections refer solely to the “covered auto” and do not contain a “Who Is An Insured” section similar to that of the Liability Coverage section. Based on the language of Section III, the physical damage coverage applies to the covered autos rather than to certain individuals who could be characterized as an “insured.” See Fritz-Pontiac-Cadillac-Buick v. Goforth, 440 S.E.2d 367, 370 (S.C. 1994) (holding same on similar language). See also Western Motor Co. v. Koehn, 748 P.2d 851, 855 (Kan. 1988) (collision insurance is basically a contract of indemnity which merely covers physical damage to a specific insured vehicle irrespective of who is driving), and cases cited therein.