GLICKSTEIN, Judge.
This is an appeal by the plaintiffs from an adverse final judgment, the essence of which provided:
1. That on or about June 21, 1979 the Plaintiffs entered into a Purchase Agreement wherein the Defendant HIGHLANDS BEACH DEVELOPMENT CORPORATION agreed to sell them Condominium Unit 101-S in the Townhouses of Highland Beach Condominium which the Defendant was going to construct. The Purchase Agreement further provided that the total purchase price was $179,-000.00 and the contract stated that the purchase price of the unit was $159,-000.00 plus $20,000.00 for the 40 foot dock space. The Defendant was not able to build the dock space because it could not get regulatory approval from the appropriate agencies but did complete the condominium unit. The Plaintiffs declined to close on the unit in that they felt that they would not have purchased the unit without the dock space. The Plaintiffs brought a suit for rescission to recover their deposit claiming the Defendant did not perform in accordance with the contract and the basic question presented to the Court was whether or not the contract was severable. The Court finds, based on the evidence and testimony presented that the contract was in fact severable, in that it was intended that the condominium unit *1046 would cost $159,000 and the dock $20,-000.00 and the non-completion of the dock did not eliminate the Plaintiffs legal duty to continue to purchase the condominium unit for $159,000.00 _
We reverse and remand with direction to enter final judgment in favor of the plaintiffs for the amount of their deposits, and interest thereon, together with a reasonable attorney’s fee assessable against the developer/defendant only.
We find two flaws in the final judgment. The first, which may seem presumptuous on our part in the eyes of the trial court, is basic; namely, its finding that the contract was severable. We conclude that the only reasonable interpretation upon the contract is that it was not severable. The second is that if the contract was severable, there was no legitimate basis for the defendants to claim the buyers to have defaulted in the “dock contract.” It was the developer which could not deliver the dock. How, then, can it keep the deposit of $2,000 attributable to dock space after it failed to perform its fundamental obligation?
The first flaw does not appear from a casual reading of the final judgment, which initially appears sound. On close inspection of the case, however, we discovered that this purchase was clearly intended by the parties to be a package deal. The plaintiffs, as buyers, were sold the package of an oceanfront condominium with an in-tracoastal deep water dock, which package was available to only twelve of the seventy-two unit owners. When it came down to closing, however, the developer attempted to force plaintiffs to accept an abbreviated, dockless package or forfeit all their deposits. Sellers and buyers simply cannot change the rules of the game in mid-stream any more than lawyers can try their case one way and seek to argue it on appeal from an entirely different perspective never seen by the trial judge. As we view the dilemma in which the buyers here were placed by the developer immediately prior to closing, the American Heritage Dictionary of the English Language 626 (1979) defines it nicely:
Hobson’s choice. An apparent freedom of choice[1] with no real alternative. [After Thomas Hobson (died 1681), English liveryman, who required his customers to take the next available horse rather than give them a choice.]
HURLEY and DELL, JJ., concur.

. Take the package as offered or forfeit your deposits.