ALDO CIGAL & others[1] *vs.* LEADER DEVELOPMENT
CORPORATION & others.[2]

Hampden. May 7, 1990. - August 6, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Real Property*, Purchase and sale agreement. *Contract*, Performance and
breach, Sale of real estate. *Condominiums*, Common area, Manage-
ment. *Fiduciary*. *Practice, Civil*, Standing.

Claims against a condominium developer alleging breach of its purchase
and sale agreements with certain buyers of individual condominium
units were properly brought by the buyers themselves, rather than by
the unit owners' association. [214-217]
Under G. L. c. 183A, § 10 (*b*) (4), claims against a condominium devel-
oper alleging negligent construction of common areas of the condomin-
ium could properly be brought only by the unit owners' association; in-
dividual unit owners were not entitled to proceed except through a
derivative action. [217-218]
Claims alleging breach of fiduciary duty on the part of individual members
of the "board of governors" of a condominium unit owners' association,
and a former officer of the association, could properly be asserted by
individual unit owners only through a derivative action. [218-219]


CIVIL ACTION commenced in the Superior Court Depart-
ment on August 24, 1987.

The case was heard by *John F. Moriarty*, J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Robert J. Danie* for the plaintiffs.

[1]Tilia Fantasia, Sarah Light, and Barbara Keim.

[2]Rapid Forms, Inc. (the foundation subcontractor for the condominium
project); Emil Fischer and William Harmon (members of the board of
governors of the Stoney Hill Condominium Unit Owners Association); and
Jeffrey Leader (past president of the Unit Owners Association).

*Peter Q. Montori* for the defendants.

NOLAN, J. The plaintiffs, individual purchasers of units in the Stoney Hill Condominium,[3] appeal from a separate and final judgment entered in favor of the defendants on four counts of a seven-count complaint after a judge of the Superior Court granted the defendants' motion for summary judgment.[4] See Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). On appeal, the plaintiffs claim that the grant of summary judgment was based on an erroneous interpretation of the condominium statute, G. L. c. 183A. We transferred the case to this court on our own motion. We affirm in part, reverse in part, and remand the case to the Superior Court for further proceedings.

Shortly after purchasing units in the Stoney Hill Condominium, the plaintiffs filed this suit complaining of construction defects and breaches of fiduciary duty by the board of governors of the condominium association.[5] The plaintiffs relied in part on an engineering report commissioned by the condominium association. That report cited numerous construction deficiencies and deviations from recorded plans. The plaintiffs' complaint alleged that the developer of the condominium, Leader Development Corporation (count I) and the foundation subcontractor (count V) improperly constructed the common areas so that the plaintiffs' units did not conform to contractual specifications. In count I, the plaintiffs claimed that they would be "exposed to an assessment equal to their percentage of common interest to cover the cost of remedying the conditions created by the defendant."[6] The plaintiffs further alleged that the individual de-

---

[3] Barbara Keim actually is a tenant in a unit owned by her parents. The issue of proper parties is not before us.

[4] The defendants in the other three counts are not before us.

[5] In this opinion, the terms "condominium association," "unit owners' association," and "organization of unit owners" are all used interchangeably to refer to the "corporation, trust or association owned by the unit owners and used by them to manage and regulate the condominium." G. L. c. 183A, § 1. See G. L. c. 183A, § 10.

[6] General Laws c. 183A, § 6 (*a*) (1988 ed.), provides in part that "the common expenses shall be charged to[ ] the unit owners according to their

fendants had violated their fiduciary duties while they were on the board of governors of the unit owners' association by failing to collect common area charges from the developer (count II). Finally, the plaintiffs alleged that, after he resigned as president of the board of governors, Jeffrey Leader fraudulently issued certificates pursuant to G. L. c. 183A, § 6 (d), representing that no common area charges were due (count VI).

The motion judge interpreted the plaintiffs' pleadings and submissions on the motion for summary judgment as complaining solely of defects in the common areas or deficiencies in common funds. In granting summary judgment for the defendants, the judge reasoned that the condominium statute, G. L. c. 183A, vests in the unit owners' association the exclusive authority to bring actions relating to common areas and common funds and thus that the plaintiffs lacked standing to pursue their claims. We examine, first, the claims relating to construction defects and, second, the claims concerning breach of fiduciary duty.

1. *Claims relating to improper construction.* a. *Count I.* As we read count I of their complaint, the plaintiffs allege that, due to its failure to construct the condominium's common areas according to contractual specifications, the developer "is in breach of contract . . . ." The defendants contend that the plaintiffs lack standing to pursue this claim, because it relates to the common areas. We disagree. Generally, a purchaser of a dwelling may sue a developer or builder for breach of contract if the defendant fails to provide promised amenities or to build according to specifications contained in the purchase agreement. See *Cassano* v. *Gogos*, 20 Mass. App. Ct. 348, 353 (1985) (failure of builder to construct house in good and workmanlike manner so as to prevent water seepage constituted breach of express warranty). See also *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621 (1978) (misrepresentation of builder concerning adequacy of

respective percentages of the undivided interest in the common areas and facilities."

drainage on land constituted violation of G. L. c. 93A, § 2); *McMahon* v. *M & D Builders, Inc.*, 360 Mass. 54 (1971) (builder's representation that dwelling was soundly built and constructed of the best materials constituted adequate basis for action in misrepresentation); *Pietrazak* v. *McDermott*, 341 Mass. 107 (1960) (builder's representation that there would be no water in cellar was adequate basis for plaintiff's claims of deceit and breach of express warranty).

In this case, the plaintiffs allege that "[p]rior to purchasing their units, each plaintiff signed a purchase and sale agreement which contained representations and specifications relative to the construction of their units . . . ." They further allege that their units, as well as the common areas, were not constructed in accordance with the contractual specifications. Thus, the plaintiffs have set forth the elements of a claim for breach of contract against the developer. See *Cassano*, *supra*.

Purchase of a condominium unit does not compel a purchaser to relinquish to the condominium association all actions against the developer for failure to deliver what was promised. Nothing in G. L. c. 183A divests the purchaser of a condominium unit of the right to sue in breach of contract.[7] Indeed, a breach of contract claim has an "individual character" and is the sort of action that we have ruled may be brought or settled only by an individual unit owner. See *Golub* v. *Milpo*, 402 Mass. 397, 402 (1988). A developer may not make identical representations to or agreements with all purchasers; to one, a concierge and swimming pool may be promised, while to another, no such promises may be made. Consequently, the damages will vary from one purchaser to another depending on the nature of the representations made and the sale price to which each purchaser agreed. The injury claimed is not so much in the construction defects themselves, but in the purchaser's nonreceipt of the

---

[7]Indeed, there may well be a claim for the developer's failure to adhere to the specifications filed in the master deed as required by the statute. See G. L. c. 183A, § 8(f).

benefit of her bargain. This contractually based injury is entirely distinct from the torts for which the unit owners' association may recover.

Indeed, our conclusion that the breach of contract claims are individual in nature and cannot be pursued or settled by the condominium association[8] follows directly from our decision in *Golub*, *supra*. There, we permitted a unit owner complaining of a leaky roof to proceed with claims for breach of contract and breach of warranty, despite the fact that the condominium association had executed an agreement releasing the developer from claims relating to the roof, which was a common area. The developer had expressly warranted to the plaintiff in the purchase and sale agreement that the roof would be "free of leakage." *Id.* at 398.

Moreover, courts in other jurisdictions have recognized that breach of contract claims are individual and are separable from collective claims, such as those for negligent construction, that the condominium association alone has standing to pursue. See, e.g., *Summerhouse Condominium Assoc. v. Majestic Savs.*, 44 Colo. App. 495, 497 (1980) (claims for breach of purchase agreement and for breach of the implied warranty of habitability are "individual unit owner's claim[s], not the condominium association's claim[s]"); *Ireland v. Wynkoop*, 36 Colo. App. 205, 221 (1975) (allegation that developer violated contracts with individual unit owners by failing to furnish certain common area amenities "constitutes a claim by the individual owners against the [developer] for breach of their purchase agreements" rather than a claim properly brought by the condominium association); *Anderson v. Highlands Beach Dev. Corp.*, 447 So.2d 1045 (Fla. Dist. Ct. App. 1989) (prospective purchasers of a con-

---

[8]We recognize that our conclusion on this point conflicts with dictum in *Glickman* v. *Brown*, 21 Mass. App. Ct. 229, 237 (1985), that "[t]he net effect of establishing a c. 183A condominium is that misrepresentations made by the developer to the purchasers of individual units concerning the adequacy of common facilities are to be taken as having been made to the trustees of the [condominium association] . . . ." No such fiction inheres in G. L. c. 183A.

dominium unit permitted to rescind sales contract when developer failed to supply dock as promised); *Goldenfarb* v. *Land Design, Inc.*, 409 A.2d 662 (Me. 1979) (developer's liability affirmed in action brought by individual unit owners for failure to provide promised number of parking spaces within common areas). Cf. *Tassan* v. *United Dev. Co.*, 88 Ill. App. 3d 581, 596 (1980) (claims for breach of implied warranty of habitability and for breach of an express warranty were "the contract rights of each individual purchaser," and both individuals and the condominium association had standing); *Starfish Condominium Assoc.* v. *Yorkridge Serv. Corp.*, 295 Md. 693 (1983) (claims for breach of implied warranties as to the common elements could be brought either by individual unit owners or by the condominium association).

Accordingly, the plaintiffs should be permitted to proceed with count I because it alleges breach of contract for failure to provide what was promised in the purchase agreements.[9] Any claim of damage to an individual unit owner's unit or personal property also survives. *Golub, supra.*

b. *Count V.* The plaintiffs' claim against the foundation subcontractor is not governed by contract principles. Citing G. L. c. 183A, § 10 (*b*) (4), which provides that the unit owners' association is empowered to "conduct litigation . . . as to any course of action involving the common areas," the defendants argue that only the condominium association, not individual unit owners, may bring suit for negligent construction. The plaintiffs, however, contend that the association's power to litigate concerning the common areas is not exclusive, and that nothing in G. L. c. 183A indicates that it is. We do not agree.

The statute plainly contemplates that the association is to act as the exclusive representative of the unit owners in litigation for negligent construction. In addition to vesting the association with the power to conduct litigation concerning

---

[9]The plaintiff who purchased her unit from a third party, not the developer, may not, of course, proceed on this theory.

the common areas, it provides that "[t]he expenses incurred in and proceeds accruing from the exercise of the . . . powers [to conduct litigation] shall be common expenses and common profits." G. L. c. 183A, § 10 (*b*) (1988 ed.). Piecemeal litigation by individual unit owners would frustrate the statutory scheme, in which the association acts as the representative of all owners in common. Thus, we conclude that in litigation for negligent construction of common areas, the condominium statute requires that the unit owners act by and through the condominium association, which represents all the unit owners. Other jurisdictions that statutorily authorize a condominium association to bring suit in a representative capacity have reached the same conclusion. See, e.g., *Frantz v. CBI Fairmack Corp.*, 229 Va. 444, 449 (1985) ("[h]aving this collective character . . . the right claimed . . . was one the Association had the authority to assert"); *Siller v. Hartz Mountain Assocs.*, 93 N.J. 370 (condominium association has exclusive right to maintain actions to protect unit owners' rights in the common areas), cert. denied, 464 U.S. 961 (1983). Accordingly, the plaintiffs may not proceed individually on this theory, except through a derivative suit.[10] See *id.*

2. *Claims for breach of fiduciary duty.* Count II of the plaintiffs' complaint charges the individual defendants with failing to collect common charges from the units owned by the developer while the defendants were on the board of governors of the unit owners' association. Count VI charges that Jeffrey Leader, after he resigned as president of the board of governors, fraudulently filed certificates pursuant to G. L. c. 183A, § 6 (*d*),[11] representing that no common charges

---

[10]The plaintiffs claim in their briefs that they brought suit only after making repeated efforts to persuade the condominium association to pursue the matter. It is unclear why the plaintiffs did not bring a derivative action, which would be appropriate in the circumstances alleged. On remand, the plaintiffs should be given leave to amend their complaint to proceed derivatively. See Mass. R. Civ. P. 23.1, 365 Mass. 768 (1974).

[11]General Laws c. 183A, § 6 (*d*) (1988 ed.), provides, in relevant part: "A statement from the organization of unit owners setting forth the amount of unpaid common expenses which have been assessed against a

were due. As in the claims relating to construction defects, the plaintiffs allege that the defendants' wrongful acts will lead to a shortage of common funds and "will result in an additional assessment against the plaintiffs to compensate for the monies not collected by the defendants." Nowhere do the plaintiffs allege that they have suffered any actual pecuniary loss as a result of the alleged breaches of fiduciary duty. The injury to the plaintiffs, therefore, and their damages, are entirely speculative.

The defendants argue that these claims, like those for negligent construction of the common areas, are claims that only the condominium association may raise. We agree. All of the plaintiffs' claims involve allegations that the defendants breached their fiduciary duties through mismanagement and nonfeasance. The plaintiffs are, in essence, seeking recovery of funds properly owing to the unit owners' association, not to the plaintiffs. "[T]he fiduciary duty on which the plaintiffs base their claim is a duty owed to the corporation [i.e., the condominium association], not to individual stockholders [i.e., unit owners]." *Bessette* v. *Bessette*, 385 Mass. 806, 809-810 (1982). In these circumstances, the plaintiffs cannot assert their claims except through a derivative suit. *Id.* at 810. Accord *Ireland* v. *Wynkoop*, 36 Colo. App. 206, 218 (1975) (where plaintiffs alleged that the defendants, principals in the development corporation, caused the corporation to fail to pay proper share of common expenses to the condominium association, the association was the "proper claimant").

Accordingly, as to count I, the judgment is reversed. As to counts II, V and VI, summary judgment was proper; however, the plaintiffs are to be given leave to amend their complaint so as to proceed derivatively. If they fail so to amend their complaint within thirty days after the rescript is docketed in the Superior Court, the judgment on these counts is

---

unit owner shall operate to discharge the unit from any lien for any other sums then unpaid when recorded in the appropriate registry of deeds."

affirmed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*