Kelly, J.
This motion is before the Appellate Division on the appeal of the plaintiff, Victor Calloway, for a summary judgment granted in favor of the defendant, St. Pauí Fire and Marine Insurance Company. The plaintiff is aggrieved by the trial court’s verbal ruling from the bench and asserts that summary judgment was improper.
While written decisions of summary judgment motions are often helpful, they are not necessary. McMann v. State Ethics Com’n, 32 Mass. App. Ct. 421 (1992). In reviewing a grant of summary judgment, the appellate court examines whether all material facts have been established and whether the moving party is entitled to judgment as a matter of law. Curtis v. School Committee of Falmouth, 420 Mass. 749 (1995), cert. denied 116 S. Ct. 753, 516 U.S. 1067, 133 L. Ed. 2d 700.
Viewing the evidence in a light most favorable to the non-moving party, the plaintiff, on April 25,1996, the plaintiffs condominium sustained water damage to the living room and interior hall. The defendant insurer had issued a property/casualty policy to the “236 Beacon Condominium Trust” (hereafter ‘Trusf’) as the named *86 insured. The defendant paid the Trust $3,258.78 for the claim. On September 19, 1997, the plaintiff made a demand to the defendant for reference pursuant to the policy. The defendant denied the request for reference. The plaintiff sued the defendant, alleging breach of contract, negligence, and violation of G.Lc. 93A. On February 12,1999, the court granted summary judgment in favor of the defendant.
A condominium owner’s power over his unit is subject only to limitations set forth in the master deed and condominium by-laws. 39 Joy Street Condominium Ass’n v. Board of Appeal of Boston, 426 Mass. 485 (1988). Ownership of a condominium unit is a hybrid form of interest in real estate, entitling the owner to both exclusive ownership and possession of his or her unit and an undivided interest as a tenant in common with other unit owners in common areas. Noble v. Murphy, 34 Mass. App. Ct. 452 (1993).
In Massachusetts, G.L.c. 183A sets forth the law regarding condominiums. G.L.c. 183A, §10b(3) establishes the right of condominium associations “to obtain insurance on the common areas and facilities.” While there are few specific cases dealing with insurance claims and condominiums, under G.L. c. 183A, “the trustees act only for the benefit of all the unit owners.” Golub v. Milpo, Inc., 402 Mass. 397 (1988) quoting Glickman v. Brown, 21 Mass. App. Ct. 229, 236 (1985). A condominium association cannot compromise a unit owner’s claim against a developer for damage to a unit caused by a leaky roof. Golub v. Milpo, Inc., 402 Mass. 397 (1988). Unit owners are entitled to sue a developer for damage to their own units. Cigal v. Leder Dev. Corp., 408 Mass. 212 (1990).
The By-laws of the Trust establish the powers, duties and responsibilities of the Trustees and the Unit Owners. The By-laws specifically discuss casualty insurance and give the Trustees very broad powers in managing the Trust. Article II, Section 2 of the Trust further establishes the precise relationship of the Unit Owners as beneficiaries and not partners or associates of the Trust.
In general, the trustee holds the legal title to the trust property, Welch v. City of Boston, 221 Mass. 155, 157 (1915); Kaufman v. Federal National Bank, 287 Mass. 97, 102 (1934), with the right to administer it for the beneficiary in accordance with the terms of the trust. Welch v. Davidson, 102 F.2d 100, 102 (1st Cir. 1939). See Harrison v. Marcus, 396 Mass. 424, 429 (1985); RESTATEMENT, 2d, TRUSTS, §88. The beneficiary of the trust holds the equitable title to trust property. Reardon v. Reardon, 192 Mass. 448, 451 (1906). The nature and extent of the beneficiary’s interest depends upon the intent of the settlor as ascertained from the words of the trust instrument in light of the circumstances in which they were used. McGrath v. Ward, 91 F. Supp. 636, 638 (D. Mass. 1950); Eustace v. Dickey, 240 Mass. 55, 72 (1921); RESTATEMENT, 2d, TRUSTS, §128. The beneficiary has standing to seek judicial enforcement of the terms of the trust and to have the trust made whole for any loss occasioned by the trustee’s breach of trust.[1]
While the plaintiff asserts the insurance policy is ambiguous regarding the definition of “insured,” the insurance policy contains very precise wording with respect to definitions of parties, coverage, and exclusions, both in “plain English” and in more precise legal terminology. The policy names the trust as the insured on the coverage page. The contract refers to special rights and duties of the “first named insured.” Since only one insured is named in the policy, this supports the notion that the parties contemplated there being only one insured. The policy defines and refers to “Unit owners.” The policy speaks of “requiring the Insured or others” to perform certain tasks. While unit owners maybe considered “others” or “protected persons” under the policy, they clearly are not included as “named insureds.” Furthermore, under the Trust’s policy of insurance, any loss is to be adjusted with the Trustees of the Trust for the unit owners account. Insurance Policy, Record Appendix, p. 273; By-laws, Article V, Section 2(e), Record Appendix, 207-208.
Because of the hybrid nature of a condominium unit owner’s interest, complex *87 insurance questions are certain to arise.[2] No case in Massachusetts appears exactly on point and deals with insurance claims under a policy owned by a condominium association organized as a trust This case differs substantially from Golub, supra at 402 Mass. 397, and Cigal, supra, 408 Mass. 212, which relate to condominium associations and the right of individual unit owners to sue the condominium developers directly for defects in their units. The insurance contract and the Trust By-laws; as framed by G.Lc. 183A, are the primary documents governing this case which control. These documents which establish and define the relationship of the unit owners, the trustees of the Trust, and the insurer of the policy purchased by the Trust, did not exist in Golub and Cigal. These cases dealt with purchasers of condominiums who attempted to sue the developer of the condominium for defects in the units. Furthermore, the insurance contract and the By-laws clearly and unambiguously give the condominium’s Trustees the- authority to settle claims and receive payments from (the insurance company) St. Paul for losses to the individual units, such as the plaintiffs.
The plaintiff cites Peterson v. Silva, 428 Mass. 751 (1999), for the proposition that “where a group policy is purchased for the benefit of individuals, unless there is an express provision to the contrary, a contract is formed between the individuals and the insurer.” Peterson deals with an insurer that claimed indemnification pursuant to a general indemnification clause in a standard residential lease, from negligent tenants for losses sustained in a fire. Peterson relates to landlords and tenants and discusses public interest and who should bear the risk of loss. This reasoning does not extend to unit owners of a condominium, who are the owners of the building.
Based on the insurance policy it is clear that the contract is between the defendant and the Trust Furthermore, the Trust By-laws which create and define the relationship of the Unit Owners and the Trustees plainly places responsibility for casualty insurance with the Trustees. The By-laws give the Trustees broad powers to administer the Trust In sum, summary judgment was appropriate because all material facts in this case have been established and the defendant is entitled to judgment as a matter of law. Accordingly, the allowance of the defendants motion for summary judgment is affirmed.
So ordered.

 Charles E. Rounds, Jr, editor, LORING: ATRUSTEE’S HANDBOOK, §5.4.1 (1999).

 Patrick J. Rohan, Preparing Community Associations for the Twenty-First Century: Anticipating the Legal Problems and Possible Solutions,” 73 St. Johns L. Rev. 3, Winter (1999).