Ferrara, John S., J.
On June 6, 2011, the plaintiff, Brian Bourgault (“Bourgault”), brought this action against the defendants, Richard Gooding, Betsy Raymond, Chris Detzel, Salvatore Balsamo and Carmela Fitzgibbons, as trustees of the Eastern Point Condominium Trust (“the condo association”), and Steven Hansen and Diedre Quealey, (collectively, “Hansen”), neighbors of Bourgault and condo unit owners. The plaintiff seeks declaratory judgment both individually (Count I) and by means of a derivative action (Count II) brought on behalf of all unit owners in the complex. He also states a claim for private nuisance against Hansen (Count III).
All of the defendants now move for dismissal. For the reasons set forth below, the defendants’ motion for dismissal will be ALLOWED, in part, and DENIED, in part.
BACKGROUND
The facts and reasonable inferences therefrom, viewed in the light most favorable to the nonmoving party, are as follows.
Bourgault is the owner of a condominium unit at the Eastern Point Condominiums in Shrewsbury. Bourgault alleges that Hansen extended his own patio into condo association common property, removing a common pathway and replacing it with his own patio paving materials in order to do so, and removing certain plantings. Bourgault alleges damages in that this work took over common property and impeded his own view of the nearby lake. Bourgault complains that while the condo association acknowledged that Hansen expanded his patio without approval and that this *572 was impermissible, the association not only failed to order him to restore the property to its previous condition, it retroactively sanctioned the changes by voting to grant Hansen a “limited common area exclusive use” for the common space he had overtaken. The defendant condo association now acknowledges it could not legally take this action in the manner in which it did.
DISCUSSION
The defendants argue in their motion to dismiss that because the condo association now acknowledges it could not grant Hansen a “limited common area exclusive use” without permissions of the other owners, its vote is a nullity and the issue is moot. They further argue that Bourgault has failed to comply with Mass.R.Civ.P. 23.1, which requires that he make a demand upon the board and the other shareholders before filing a derivative action. Therefore, the defendants argue, Bourgault’s petition should be dismissed.
I. The Declaratory Judgment Action
Bourgault seeks declaratory judgment that (1) the vote taken to grant Hansen a limited common area exclusive use was invalid due to the defendants’ failure to obtain consent from the abutters, as required by G.L.c. 183A, §5(b)(2)(ii); and (2) that Hansen must restore any and all modifications to the common area. On the first question, declaratory judgment will not issue because as the parties concede that the grant is invalid, the issue is moot. See G.L.c. 213A, §1, Therefore, there is no live controversy to be adjudicated.
The second declaration Bourgault seeks is not something which he may seek individually because it concerns the common areas of a condominium association. With respect to common areas, only the condo association has the right to take legal action. Golub v. Milpo, Inc., 402 Mass. 397, 401 (1988). While the Supreme Judicial Court did at one point recognize an individual unit owner’s right to maintain an individual action based on “expansions into the common area [because they] altered the percentage of the undivided interest which each owner had in the common area,” Strauss v. Oyster River Condominium Trust, 417 Mass. 442, 446-47 (1994), the condominium statute has since been amended. It now provides that:
The granting of an easement by the organization of unit owners, or the designation or allocation by the organization of unit owners of limited common areas and facilities, or the withdrawal of a portion of the common areas aid facilities . . . shall not be deemed to affect or alter the undivided interest of any unit owner.
G.L.c. 183A, §5(b)(l). Therefore, this claim would have to be brought by means of a derivative action rather than by Bourgault individually. Bourgault has also sought declaratory judgment on this issue by means of a derivative action, addressed infra.
II. The Derivative Action and the Requirements of Rule 23.1
Massachusetts Rule of Civil Procedure 23.1 governs derivative actions. It requires, in part, that;
In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having faded to enforce a right which may properly be asserted by it, the complaint shall be verified by oath and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law from one who was a stockholder or member at such time. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort.
Mass.R.Civ.P. 23.1. The parties agree that Rule 23.1 applies to this action insofar as the plaintiff seeks to redress a wrong committed against the condominium association. See Cigal v. Leader Dev. Corp., 408 Mass. 212, 218 (1990); Cote v. Levine, 52 Mass.App.Ct. 435, 439 (2001). The defendants maintain Bourgault has not made the requisite demand and has not shown why he should be excused from doing so. Bourgault asserts he has made demand as required and further demand would be futile.
To proceed with this action, Bourgault must show that he has attempted to obtain relief by appeal to the corporation, here the condo association. “[T]o satisfy Rule 23.1 a complaint in a derivative action must plead with particularity either the presuit demand the plaintiff has made or the reasons why making such a demand would have been futile.” Diamond v. Pappathanasi, 78 Mass.App.Ct. 77, 89 (2010). If demonstrating that he made demand, on the issue of “particularity,” the plaintiff must provide:
[flacts showing that he has complied with this condition ... in unmistakable terms in his bill. He must make an earnest and sincere and not a feigned or simulated effort to induce the managing officers of the corporation to take remedial action in its name.
Barlett v. New York, N.H.&H.R.R., 221 Mass. 530, 532 (1915).
Bourgault’s efforts are sufficient to satisfy the requirement of a demand on the condo association.[2] He has shown that he made various requests to the board for redress of his concerns, and that he did so over a period of months before filing this action. The association, through a period of inaction and by (invalidly) affirming the alterations to the property after the fact, appears to have rejected the plaintiffs request.
*573 If a plaintiff is unsuccessful at convincing a board to act on his behalf, he must take another step before filing suit. “If he fails in [motivating the board to act], unless there is adequate reason to the contrary, he must resort to the stockholders and make an honest attempt to convince them that action ought to be instituted.” Bartlett, 221 Mass. at 532. See also Cote, 52 Mass.App.Ct. at 442. Bourgault has not shown that he has satisfied this second step, having provided no evidence that he has made demand on the other unit owners. He has also failed to allege why demand on them would be futile or impracticable due to there being a great number of other shareholders. Such a showing is required if his derivative action is to proceed. Cote, 52 Mass.App.Ct. at 442. Therefore, dismissal of the derivative action is appropriate. However, the dismissal is without prejudice. The plaintiff may take steps to remedy his failure, and affording him the opportunity to do so presents no obvious prejudice to the defendants.
III. Private Nuisance Claim
Bourgault also states a claim for private nuisance against the defendant neighbor, Hansen. This is a tort claim separate and apart from the claim made out for a derivative action regarding encroachment on common space. While certain claims by condo owners, such as those regarding common areas, must be made derivatively through the condo association, not all claims relating to condo ownership are so limited. Bernstein v. Chief Bldg. Inspector, 52 Mass.App.Ct. 422, 426 (2001). In particular, a condo unit owner may sue individually for a private nuisance. McEneaney v. Chestnut Hill Realty Corp., 38 Mass.App.Ct. 573, 577-78 (1995).
No one has challenged the plaintiffs nuisance claim. Each defendant has moved to dismiss the entire action on the basis of a failure to comply with Rule 23.1, which is applicable only to the derivative action claim. Because the nuisance claim is a separate, individual cause of action against the defendant neighbor not requiring compliance with Rule 23.1, the motion to dismiss the nuisance claim will be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ Motion To Dismiss is ALLOWED as to Count I, ALLOWED without prejudice as to Count II, and DENIED as to Count III. Judgment shall enter for the defendants on Counts I and II.

 There does not appear to be any prescribed form for the demand.