Curran, Dennis J., J.
The Board of Trustees of the Gates of Greenwood Home Owner’s Trust has sued the defendant Gates of Greenwood, LLC for damages because of the alleged design and construction deficiencies in twelve condominia that the defendant developed in Wakefield. The defendant has moved for dismissal under Mass.R.Civ.R 12(b)(1), or summary judgment under Mass.R.Civ.P. 56(c). For the following reasons, the defendant’s motion must be DENIED.
BACKGROUND
The following facts are taken from the summary judgment record and the Statement of Material Facts filed jointly by the parties under Superior Court Rule 9A(b)(5), and will be recited in the light most favorable to the plaintiff, the non-moving party. See Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
On September 24, 2008, the defendant established the Gates of Greenwood Home Owner’s Trust by recording a Declaration of Trust in the Middlesex South County Registry of Deeds. Each of the master deeds, which established the twelve condominia, stated that *132 the unit owners must comply with the terms, conditions, and provisions outlined in the Home Owner’s Trust. The Board of Trustees is the representative of this Trust. The Trust was created, in part, to maintain and repair the common facilities and the buildings within the Gates of Greenwood subdivision. This included landscaping, snow removal from sidewalks and driveways, painting, and roof repair/replacement. The Trustees’ additional responsibilities included providing and contracting for maintenance and repair, cleaning, and providing other services to the unit owners or related to the common facilities. The Trust defined “common facilities” to include a drainage facility area, a drainage easement, a public open area, drainage areas, water and electric mains, structures, utilities, equipment facilities, landscaped areas, driveways, sidewalks, a lawn irrigation system, street and sidewalk lighting, and the exterior portion of the dwellings within the subdivision. The Declaration of Trust granted an easement to the Board of Trustees over the common facilities in order to repair and maintain these facilities as necessary; they were also granted the power to maintain insurance with respect to the common facilities.
The defendant is a Massachusetts limited liability corporation in Lexington. Starting in 2008, the LLC developed twelve two-unit condominia on Gates Lane in Wakefield. These condominiums were referred to collectively as the Gates of Greenwood. The condominia were established through twelve separate Master Deeds and Declarations of Trust, which were recorded in the Middlesex South County Registry of Deeds. The Declarations of Trust created twelve separate condominium trusts that were intended to act as the organization of unit owners for each building. These condominium trusts were charged with “managing and regulating” the condominiums. The Trusts granted the Trustees sole control and management of the common areas and facilities of the particular condominium and the power to sue or resolve any claims existing in favor of or against the Trust. The Trusts list the common areas and facilities as land, yards, porches/decks/patios, lawns, sidewalks, foundations, exterior walls and roof of buildings, fire walls, and walls between the units and common areas and units. While these condominium trusts technically exist, the unit owners have never used them to manage, maintain, and repair the common areas and facilities within each building, nor have they paid any monies to these Trusts. Instead, the unit owners have used the Gates of Greenwood Home Owner’s Trust to manage and maintain the common areas and facilities within the subdivision. The unit owners pay a monthly common area fee to this Trust.
The defendant was the original Trustee of the Home Owner’s Trust, and in that capacity, managed and controlled all of the condominia through the single Home Owner’s Trust. The unit owners reported issues and requests for service and repairs related to the common areas of the buildings to the manager of the LLC, Michael Collins. The management and control of the condominia has been run in the same manner since the Home Owner’s Trust was turned over from the defendant to the Board of Trustees, comprised of five individuals elected by the unit owners. The Board employed Harvest Properties, LLC to manage the subdivision. The unit owners now report all issues with common areas and facilities to Harvest, which is charged with handling all maintenance and repair issues.
In the summer of 2013, the Board engaged an engineer to investigate possible defects in the condominiums’ common areas and facilities. This investigation revealed defects with the siding, windows and doors, roofs, roof ventilation, site and building grading, as well as the fire separation walls in each of the buildings. These alleged defects, and the damage these defects have allegedly caused and continue to cause, are the subject of this lawsuit.
DISCUSSION
The defendant has filed a Rule 12(b)(1) motion to dismiss alleging that the plaintiff lacks standing to bring this suit. An action shall be dismissed, if at any time, through suggestion of a party or otherwise, it appears that the court lacks jurisdiction over the subject matter. Mass.R.Civ.P. 12(h)(3). Standing is an issue of subject matter jurisdiction, which can be properly challenged through a Rule 12(b)(1) motion to dismiss. Indeck Maine Energy, LLC v. Comm’r of Energy Res., 454 Mass. 511, 516 (2009).
The defendant has also brought its standing claim through a motion for summary judgment. See Mass.R.Civ.P. 12(h)(3), Reporter’s Notes (‘The lack of subject-matter jurisdiction may be raised at any time up to final judgment on appeal, in any way, by any party, or by the court sua sponte”). A court must grant summary judgment where, when viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Brigade Leveraged Capital Structures Fund Ltd. v. Pirnco Income Strategy Fund, 466 Mass. 368, 373 (2013). To meet its burden of proof, the moving party must support its motion with at least one of the materials listed in Rule 56(c). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991), citing Celotex Corp. v. Catrett, 477 U.S. 317, 328 (1986) (White, J., concurring). “[Although that supporting material need not negate, that is, disprove, an essential element of the claim of the party on whom the burden of proof at trial will rest, it will demonstrate that proof of that element at trial is unlikely to be forthcoming.” Id.
Once the moving parly meets its burden, the non-moving party must provide specific facts to show that there is a genuine issue for trial. Id. at 716. Unsupported contradictions of factual allegations are insuf *133 ficient to raise questions of material fact sufficient to defeat a summary judgment motion. Madsen v. Erwin, 395 Mass. 715, 719 (1985).
In determining summary judgment motions, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Cataldo Ambulance Serv. v. Chelsea, 426 Mass. 383, 388 (1998). While the court views the evidence in the light most favorable to the non-moving party, it obviously does not weigh the evidence, determine witness credibility, or make its own findings of fact. Attorney Gen., 386 Mass. at 370-71.
Standing
It is well established that a party who lacks individual standing cannot “assert the rights of others not before the court.” Klein v. Catalano, 386 Mass. 701, 714 (1982) (citation omitted). Generally, a litigant can establish standing by demonstrating that the defendant’s action caused it injury. Slama v. Attorney Gen, 384 Mass. 620, 624 (1981). However, “(w]hen a statute confers standing in relation to particular subject matter, that statute, rather than the more general ideas about standing, governs who may initiate legal action in relation to the subject matter.” Centennial Healthcare Inv. Corp. v. Comm’r of the Div. of Med. Assistance, 61 Mass.App.Ct. 320, 326-27 (2004), quoting Boston Edison Co. v. Boston Redev. Auth., 374 Mass. 37, 46 (1977).
General Laws c. 183A, § 10(b)(4) confers standing to bring a claim alleging defects or other problems in the common areas of condominiums exclusively onto the organization of unit owners as defined by section 1 of the statute. Berish v. Bornstein, 437 Mass. 252, 265 (2002); Cigal v. Leader Develop. Co., 408 Mass. 212, 217 (1990). Section 1 defines an organization of unit owners as “the corporation, trust or association owned by the unit owners and used by them to manage and regulate the condominium.” G.L.c. 183A, §1. Thus, to qualify as an “organization of unit owners” under the statute, the entity: 1) must be a corporation, trust, or association; 2) must be owned by the unit owners; and 3) must be used by them to manage and regulate the condominium. Id.
The defendant argues that the Home Owner’s Trust is not the organization of unit owners for the Gates of Greenwood condominia and thus lacks standing to bring this suit. Instead, it alleges that the individual condominium trusts constitute the organizations of unit owners for each of the twelve condominia. As support for this contention, the defendant refers to the Declarations of Trust establishing these condominium trusts, which specifically name the trust as the organization of unit owners for the requisite condominium. It also grants the Trust sole authority to manage and repair common areas and facilities within the condominium. Additionally, the defendant seeks to deflect liability by pointing to the master deeds that pertain to each condominium, which state that the relevant condominium trust is the condominium’s managing entity. It argues that to qualify as an organization of unit owners under G.L.c. 183A, the entity must be specifically named as such within the condominium’s master deed. While the master deeds refer to the Home Owner’s Trust and establish that the unit owners are subject to the trust’s provisions, they do not name the Home Owner’s Trust as the managing entity of the condominia.
However, these arguments ignore the statute. Chapter 183A does not define the “organization of unit owners” as the entity named as such in the master deed, as the defendant would lead this court to believe. Instead, the statute provides that it is the entity used by unit owners to manage and regulate the condominium. Here, the entity used by the unit owners for the management of the condominiums is the Home Owner’s Trust. The unit owners appointed the Board of Trustees of the Home Owner’s Trust to act on their behalf; direct all issues regarding repair and maintenance of common areas and facilities to Harvest, the company hired by the Home Owner’s Trust to manage the condominiums; and pay the Home Owner’s Trust a monthly common area fee. The unit owners have never — even during the time period when the defendant was managing the condominiums — directed any of their issues regarding common areas and facilities to the individual condominium trusts nor have they ever contributed any monies to fund these trusts. These condominium trusts exist on paper only; they have never actually been used by any of the condominiums’ unit owners.
The definition within the statute focuses on use. It does not require that the entity be named as the managing entity within the condominium’s master deed. See, e.g., Berish, 437 Mass. at 265-66 (requiring that organization of unit owners meet the G.L.c. 183A, §1 definition in order to bring claim for breach of implied warranty of habitabilify alleging latent defects in common areas); Cigal, 408 Mass. at218 (concluding that condominium statute requires unit owners to act through organization of unit owners, which represents all unit owners, when filing claim for negligent construction of common areas (emphasis added)). The Home Owner’s Trust meets all of the definitional requirements. First, it is a Trust. Second, the unit owners own this Trust and they vote to appoint a board of trustees to act on their behalf. And finally, the unit owners use this Trust to manage and regulate their condominiums. Since their inception, the condominiums have been run by the Home Owner’s Trust as a 12-building condominium complex instead of separately by each individual condominium trust. Thus, the Home Owner’s Trust is, indeed, the organization of unit owners as contemplated under G.L.c. 183A and its Board of Trustees can properly bring this claim.
Moreover, if the court were to construe the law as the defendant suggests, the result would directly con *134 tradict the purpose behind granting the organization of unit owners this exclusive right. In Cigal v. Leader Develop. Corp., the Supreme Judicial Court noted that “(p]iecemeal litigation by individual unit owners would frustrate the statutory scheme, in which the association acts as the representative of all owners in common.” 408 Mass, at 218. If this court concluded that the twelve individual condominium trusts were the organization of unit owners for each of the condominiums, it would potentially be faced with twelve separate claims regarding essentially the same subject matter. Such piecemeal litigation, as pointed out by the Supreme Judicial Court, is disfavored.
ORDER
For these reasons, the defendant’s motion for dismissal or summary judgment is DENIED.