NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-168

MARITA E. HYMAN

vs.

CHRISTINE CONWAY & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff owns a condominium unit in the Westport Point Condominium Trust (trust), which consists of seven units. The defendants own one of the other units. In this declaratory judgment action, the plaintiff claims that the defendants constructed an addition to their unit that extends into a common area, without obtaining the unanimous consent of all the unit owners. On the defendants' motion under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), a Superior Court judge dismissed the complaint on grounds that the plaintiff had no standing to bring a direct action pertaining to the condominium's common areas and that, even if construed as

_____

[1] John Conway.

asserting a derivative claim, the action could not go forward because the plaintiff failed to join the trust, an indispensable party. The judge then denied as moot the plaintiff's cross-motion to disqualify the defendants' counsel. After judgment of dismissal entered, the plaintiff moved for reconsideration, which the judge summarily denied. The plaintiff appeals from the judgment and the order denying her motion for reconsideration.

Exercising de novo review of the judge's decision on the rule 12 (b) (6) motion, see Buffalo-Water 1, LLC v. Fidelity Real Estate Co., 481 Mass. 13, 17 (2018), we conclude that the complaint was correctly dismissed. The gravamen of the complaint is that the defendants extended their unit into a common area in violation of the condominium deed and bylaws. But the trust, "as the entity granted the authority to manage the common areas and facilities of the condominium," has the "exclusive" right "to seek a remedy through litigation" for "defects or other problems in the common areas and facilities." Trustees of Cambridge Point Condominium Trust v. Cambridge Point, LLC, 478 Mass. 697, 701 (2018), quoting Berish v. Bornstein, 437 Mass. 252, 265 (2002). See G. L. c. 183A, § 10 (b) (4) (condominium trust or association is empowered "to conduct litigation . . . as to any course of action involving

2

the common areas and facilities or arising out of the enforcement of the by-laws, administrative rules or restrictions in the master deed").  "Piecemeal litigation by individual unit owners would frustrate the statutory scheme, in which the association acts as the representative of all owners in common." Cigal v. Leader Dev. Corp., 408 Mass. 212, 218 (1990).

An individual unit owner may, however, bring a derivative action "where the management of an association of condominium unit owners has failed or refused to redress a wrong committed against that association." Cote v. Levine, 52 Mass. App. Ct. 435, 439 (2001).  In such an action, the association must be joined as a party because the claim is alleged to be one that the association should be pursuing on its own behalf -- here, a claim of unlawful expansion onto the common elements.  See id. ("wrong complained of" in derivative action is one "committed against the association itself").  Cf. Turner v. United Mineral Lands Corp., 308 Mass. 531, 538 (1941) (corporation is indispensable party to derivative action); Fusco v. Rocky Mountain I Invs. Ltd. Partnership, 42 Mass. App. Ct. 441, 447 (1997) ("in any derivative action the entity in whose right the action is brought appears as the defendant").  In arguing otherwise, the plaintiff relies on Calvao v. Raspallo, 92 Mass. App. Ct. 350 (2017), but no question of joinder was raised in

3

that case.  We note also that the condominium there consisted of only two units; all of the owners were named parties to the case; and, when the case was filed, the defendant was the sole condominium trustee.  See id. at 351.

Although the defendants argued in their motion to dismiss that the trust was a necessary party, the plaintiff did not timely move to amend her complaint to add the trust or the board of trustees as defendants.  We therefore discern no error in the judge's dismissal of the complaint.  As the judge expressly stated in her decision, the dismissal was without prejudice to the extent it was based on the plaintiff's failure to join an indispensable party.  See Mass. R. Civ. P. 41 (b) (3), as amended 454 Mass. 1403 (2009) (dismissal on defendant's motion operates as adjudication on merits "unless the court in its order for dismissal otherwise specifies" and "other than a dismissal . . . for failure to join a party under [Mass. R. Civ. P. 19, 365 Mass. 765 (1974)]").[2]

_____

[2] The judge did not address the defendants' alternative argument that the complaint should be dismissed under Mass. R. Civ. P. 23.1, 365 Mass. 768 (1974), which provides that a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association."  Although the defendants have briefed this argument, which is not without force, we decline to reach it on this record.

4

We likewise discern no error in the judge's denial of the plaintiff's motion to disqualify the defendants' counsel. Putting aside that the plaintiff cites no legal authority in support of her claim of a conflict of interest, the judge properly concluded that the dismissal of the complaint rendered the motion moot.  For much the same reason, the judge did not err in denying the plaintiff's motion for reconsideration.  The motion was functionally one under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), because the plaintiff served it more than ten days after entry of judgment.  Yet the motion did little more than repeat the arguments already made in the plaintiff's motion to disqualify and did not otherwise explain why relief under any of the subdivisions of rule 60 (b) was warranted.  The judge was

thus within her discretion to summarily deny the motion.  See

Owens v. Mukendi, 448 Mass. 66, 72 (2006) (rule 60 (b) motion is

addressed to judge's discretion).

Judgment affirmed.

Order denying motion for
  reconsideration affirmed.

By the Court (Neyman, Shin &
  Englander, JJ.[3]),

Clerk

Entered:  March 18, 2025.

---

[3] The panelists are listed in order of seniority.